# BAKER BOTTS LLP

2001 ROSS AVENUE
DALLAS, TEXAS 75201

TEL  +1 214.953.6934
FAX  +1 214.661.4934
BakerBotts.com

AUSTIN          LONDON
BEIJING         MOSCOW
BRUSSELS        NEW YORK
DALLAS          PALO ALTO
DUBAI           RIYADH
HONG KONG       SAN FRANCISCO
HOUSTON         WASHINGTON

July 5, 2017

Tom O'Brien
TEL: 214.953.6934
FAX: 214.661.4934
Tom.OBrien@bakerbotts.com

**VIA ECF**

The Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> Re:    Aaron Rubenstein v. Live Nation Entertainment, Inc. and Liberty Media Corp.,
> No. 16-cv-7283

Dear Judge Sweet:

In light of the Court's dismissal of Plaintiff's complaint (Dkt. #37), Liberty Media Corporation ("Liberty") respectfully requests that the Court make specific findings regarding Plaintiff's and his attorneys' compliance with Federal Rule of Civil Procedure 11(b) pursuant to the Private Securities Litigation Reform Act ("PLSRA").  15 U.S.C. § 78u-4(c).

The PSLRA mandates that upon final adjudication of any private action brought under the Exchange Act, a court must make specific findings regarding each party's and attorney's compliance with Rule 11(b).  *Id.* § 78u-4(c)(1).  If the court finds a violation of Rule 11(b), the imposition of sanctions is mandatory.  *Id.* § 78u-4(c)(2).  The presumptive sanction for failure to comply with Rule 11(b) is reasonable attorneys' fees and expenses.  *Id.* § 78u-4(c)(3).

Under Rule 11(b), by filing a complaint, Plaintiff's counsel represented that "the claims … and other legal contentions [were] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b).  "Rule 11 sanctions are appropriate 'where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands.'"  *Abner Realty, Inc. v. Adm'r of Gen. Servs. Admin.*, 97 CIV. 3075 (RWS), 1998 WL 410958, at *4 (S.D.N.Y. July 22, 1998) (Sweet, J.) (quoting *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985), superseded on other grounds by rule).

In this case, Plaintiff's claim had no chance of success.  Plaintiff's claim was based on the legally unsupported contention that Liberty's forward purchase of additional Live Nation stock, none of which was sold within six months of its acquisition, should be deconstructed and recast as two separate option contracts to create Section 16(b) liability  Dkt. #1, #32.  As this Court noted in its June 20, 2017 Opinion, "[a]lthough courts have analyzed Forward Contracts under Section 16(b), ***none*** has held an insider liable under the statute for

**BAKER BOTTS** LLP

- 2 -                                                              July 5, 2017

settling a Forward Contract more than six months after entering into it."  Dkt. #37, at 10 (emphasis added).  This Court cited no less than four prior Section 16(b) cases involving forward contracts where a court "granted the defendant's motion to dismiss because, as a matter of law, the transactions did not constitute both a purchase and sale of securities within less than six months, as required by Section 16(b)."  *Id.* at 10–14.  Plaintiff's liability theory was not warranted by either existing law or a nonfrivolous argument for extending, modifying, or reversing existing law.

Even if Plaintiff's liability theory had had any support in the law (it did not), his damages theory also had no legal support.  As this Court held in rejecting Plaintiff's damages theory, "courts have rejected plaintiffs' attempts to fragmentize transactions into hypothetical component parts to try to establish section 16(b) liability where it would not otherwise exist."  *Id.* at 19 (quotations omitted).  "In any event, no precedent supports [Plaintiff's interpretation of] Rule 16b-6(d) [as requiring] an insider to reimburse the consideration received for writing an alleged option instead of the premium received."  *Id.* at 22.  Instead, "[a]s Plaintiff concede[d], the only authority on point is to the contrary."  *Id.*  Thus, there was no legal basis for either Plaintiff's liability or damages theory.

Plaintiff's counsel knew or should have known this before filing this lawsuit.  On December 1, 2015, Plaintiff's counsel made a demand for prosecution on Live Nation.  Dkt. #1, ¶ 13.  After Live Nation explained that "the application of Section 16 to a forward purchase transaction such as that effected by Liberty is well-settled" and "no basis exist[ed] for the assertion of any liability on the part of Liberty to Live Nation under Section 16(b)," Exhibit A, Koenig Letter to Tauber, Plaintiff's counsel wrote that she was "persuaded that [Live Nation and Liberty's] position [was] correct" and would "close [her] file."  Exhibit B, Tauber Email to Koenig.  Months later, Plaintiff's counsel renewed her demand, relying on *Chechele v. Sperling*, 758 F.3d 463 (2d. Cir. 2014)—a case that was decided before Plaintiff's counsel made, then withdrew, her first demand.  Dkt. #1, ¶ 13.  In response, Live Nation's counsel stated that "my client and I continue to be of the firm view that this claim has no merit, and we will not be pursuing it further." Exhibit C, Koenig Correspondence to Tauber.  Live Nation's counsel attached a letter from Liberty's counsel explaining both that *Sperling* did not support Plaintiff's claim and that Liberty had realized no profit from the challenged transactions.  *Id.*  Plaintiff's counsel nonetheless filed this lawsuit, causing Liberty and Live Nation to incur substantial attorneys' fees and costs, only for the Court to agree with Liberty and Live Nation that *Sperling* did not support Plaintiff's claim and "no profit has been realized." Dkt. #37, at 14, 18.

In short, because Plaintiff's liability and damages theories were baseless (as explained in detail by both Live Nation's and Liberty's counsel), his and his counsel's commencement of this lawsuit violated Rule 11(b).  Liberty respectfully requests that the Court conduct the mandatory PSLRA review, find that Plaintiff and his counsel failed to comply with Rule 11(b), and award Liberty reasonable attorneys' fees and expenses in defending this frivolous lawsuit.  If the Court deems it appropriate to award Liberty reasonable fees and expenses, Liberty will provide documentation to the Court of the fees and expenses it incurred in defending this action despite having previously explained to Plaintiff's counsel that it had no merits for the same reasons on which the Court relied.

**BAKER BOTTS** LLP

- 3 -                                                July 5, 2017


Respectfully,

*/s/ Thomas E. O'Brien*
Counsel to Defendant Liberty Media Corporation

cc:      All Counsel of Record (via email)