UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

AARON RUBENSTEIN,

                Plaintiff,               16 Civ. 7283

  -against-                           OPINION

LIVE NATION ENTERTAINMENT,

                Nominal Defendant, 

  -and-

LIBERTY MEDIA CORP.,

                Defendant.

------------------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    MIRIAM TAUBER LAW PLLC
    885 Park Avenue 2A
    New York, NY 10075
    By:  Miriam Tauber, Esq.

    LAW OFFICES OF DAVID LOPEZ
    P.O. Box 323
    171 Edge of Woods Road
    Southampton, NY 11968
    By:  David Lopez, Esq.

    Attorneys for Defendant
    Liberty Media Corp.

    BAKER BOTTS LLP
    30 Rockefeller Plaza
    New York, NY 10112
    By:  Douglas W. Henkin, Esq.
         Richard B. Harper, Esq.

2001 Ross Avenue, Suite 600
Dallas, Texas 75201-2980
By:   Thomas E. O'Brien

98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
By:   Mysha Lubke, Esq.

Attorneys for Nominal Defendant
Live Nation Entertainment

LATHAM & WATKINS, LLP
140 Scott Drive
Menlo Park, CA 94025
By:   Hilary H. Mattis
      Robert A. Koenig, Esq.

885 Third Avenue
New York, NY 10022
By:   Jason C. Hegt, Esq.

**Sweet, D.J.**

By letter of July 5, 2017 treated as a motion, the defendant Liberty Media Corporation ("Liberty" or the "Defendant") has moved pursuant to Federal Rule of Civil Procedure 11(b) and the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4(c), for findings regarding and compliance with Rule 11(b) and the imposition of sanctions in the form of attorneys' fees to be imposed on the plaintiff Aaron Rubenstein ("Rubenstein" or the "Plaintiff"). The Plaintiff has also moved by letter dated July 19, 2017 to extend his time to appeal until thirty days following the Court's Order resolving this motion.

Based on the conclusions set forth below, Liberty's motion for findings and sanctions is denied, and Plaintiff's motion to extend the time to appeal is granted.

**I. Prior Proceedings**

On September 19, 2016, the Plaintiff filed his complaint alleging a short swing profit by Liberty in violation of Section 16(b) of the Securities Exchange Act of 1934. The

2

motion of Liberty to dismiss the complaint was granted by the opinion of June 20, 2017 (the "June 20 Opinion"). *See Rubenstein v. Live Nation Entm't*, No. 16 CIV. 7283 (RWS), 2017 WL 2670749, at *1 (S.D.N.Y. June 20, 2017).

The instant motions were heard and marked fully submitted on August 2, 2017.

## II. The Applicable Standard

Under the PSLRA, "upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney . . . with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1). This section also "mandates a court to impose sanctions if it finds a violation of Rule 11," *id.*, and creates presumptions in favor of attorney's fees and costs "depending on the severity of the violation." *Rabin v. Nasdaq Omx Phlx LLC*, No. CV 15-551, 2016 WL 3914031, at *1 (E.D. Pa. July 20, 2016). Although the PSLRA requires the Court to assess the conduct of each party and counsel regarding compliance with Rule 11, it "does not in any way purport to

3

alter the substantive standards for finding a violation of Rule 11." *Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 167 (2d Cir. 1999); *see also Zagami v. Cellceutix Corp.*, No. 15 Civ. 7194 (KPF), 2017 WL 1180923, at *10-11 (S.D.N.Y. Mar. 29, 2017) (noting the distinction between the "mandatory sanctions review" required by the PSLRA and "mandatory sanctions," which are imposed under the mandatory PSLRA analysis only if Rule 11 is violated).

Rule 11 imposes on attorneys "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing," *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991), and "is targeted at situations 'where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands . . . .'" *Stern v. Leucadia Nat. Corp.*, 844 F.2d 997, 1005 (2d Cir. 1988) (quoting *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985)); *see also Eastway Constr. Corp.*, 762 F.2d at 254 ("In framing this standard, we do not intend to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.").

### III. The Motion for Findings and Sanctions is Denied

Plaintiff's claim in the underlying action was based on the contention that Liberty's forward purchase of additional Live Nation stock – none of which was sold within six months of its acquisition – should be deconstructed and recast as two separate option contracts to create Section 16(b) liability.

Live Nation's counsel described Plaintiff's 16(b) claim as "novel" in the correspondence it submitted in its motion to dismiss, and Liberty complained that Plaintiff attempted to extend the law stated in *Chechele v. Sperling*, 758 F.3d 463 (2d Cir. 2014). *See* Def.'s Br. in Supp. of Mot. for Attorney's Fees Ex. C., at 2; Pl.'s Br. in Opp. of Mot. for Attorney's Fees, 2.

In its June 20 Opinion this Court noted that "[a]lthough courts have analyzed Forward Contracts under Section 16(b), none has held an insider liable under the statute for settling a Forward Contract more than six months after entering into it." *See Rubenstein*, 2017 WL 2670749, at *3. Further, the June 20 Opinion concluded that "[i]n any event, no precedent

5

supports [Plaintiff's interpretation of] Rule 16b-6(d) [as requiring] an insider to reimburse the consideration received for writing an alleged option instead of the premium received," and that "as Plaintiff concede[d], the only authority on point is to the contrary." *See id.*, at *6-7.

Nonetheless, sanctions are not mandated under Rule 11 and the PSLRA solely in light of Plaintiff's claims being unsupported by precedent. *See Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011)("The fact that a legal theory is a long-shot does not necessarily mean it is sanctionable."). Rather, "[t]he operative question is whether the argument is frivolous, i.e., the legal position has 'no chance of success,' and there is 'no reasonable argument to extend, modify or reverse the law as it stands.'" *Id.*; *see also Simmonds v. Credit Suisse Secs. (USA) LLC*, No. C12-1937JLR (W.D. Wash. 2013), Order Denying Mot. for Attorney's Fees (Dkt. #51) (holding that "Plaintiff's 16(b) claim was, to be sure, an invitation to extend the law beyond its present confines [but nevertheless], these arguments made logical sense and presented the court with a legitimate, non-frivolous issue to decide.").

Plaintiff's 16(b) claim was based on an alleged distinction between Liberty's "collarless" forward and the "collared" Pre-Paid Variable Forward Contracts construed by the Court in *Sperling* (and its predecessor District Court cases). Plaintiff contended that this "collarless" distinction deferred the effective 16(b) date of Liberty's forward from the original September 4, 2014 contract execution date, until the initial price-fixing event on September 28, 2015. In its June 20 Opinion addressing the substantive merits of Plaintiff's claim this Court rejected Plaintiff's "collarless" distinction and delayed 16(b) effective forward date under the modified *Sperling* analysis Plaintiff proposed. *See Rubenstein*, 2017 WL 2670749, at *8-23.

Moreover, the other issues raised by Plaintiff's claim, that both put and call options were embedded within Liberty's contract, were alleged to have arisen from the *Sperling* suggestion as to the default treatment of "in the money" and "out of the money" options, as well as application of SEC rule 16b-6(d) to forward settlements. *See Sperling*, 758 F.3d at 466-67 (looking to which party "won the bet"); *Rubenstein*, 2017 WL 2670749, at *17-18. As this Court noted in its June 20 Opinion, the only case directly dealing with this was pending

Second Circuit review. *See Olagues v. Icahn*, 866 F.3d 70 (2d Cir. 2017); *Rubenstein*, 2017 WL 2670749, at *19. While the absence of case law directly supporting Plaintiff's claim did not make for a winning argument, such lack of precedent alone is not a sufficient basis for imposing Rule 11 sanctions. *See Fishoff*, 634 F.3d at 654; *see also Eastway Const. Corp.*, 762 F.2d at 254.

The line between positions characterized as frivolous or "long-shot" may be difficult to draw, but in this instance it is concluded that the Plaintiff's position, though a "long-shot," fell short of frivolity. *See Fishoff*, 634 F.3d at 654. The motion for mandatory sanctions is denied.

**IV. The Motion for an Extension of Time to Appeal is Granted**

The Plaintiff has moved by letter to extend the period of time for Plaintiff to file the Notice of Appeal of the Court's dismissal Order until thirty days from the entry of the Court's disposition of Liberty's motion for attorney's fees.

The time to appeal the Court's dismissal expired July 19, 2017, the date on which Plaintiff's opposition to the

8

Liberty sanction motion was due and the date of Plaintiff's application for an extension of time to appeal. According to the Plaintiff, in view of the pending sanction motion no decision had been made with respect to the filing of an appeal.

Pursuant to the Federal Rules of Civil and Appellate Procedure, this Court has discretion to extend the deadline for filing an appeal "[to] run[] for all parties from the entry of the order disposing of the last such remaining motion . . . [including a motion] for attorney's fees." See Fed. R. App. P. 4; Fed. R. Civ. P. 54, 58.

The Plaintiff's time to appeal the June 20 Opinion is extended twenty days from the date hereof.

## V. Conclusion

The motion of Liberty for sanctions in the form of attorney's fees is denied. The motion of the Plaintiff for time to appeal is granted.

It is so ordered.

New York, NY
September 22, 2017

ROBERT W. SWEET
U.S.D.J.